**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2012[*]
Decided April 12, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1557

| | |
|---|---|
| STEPHEN J. TAYLOR, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:08-cv-00527-TWP-DML |
| BRIAN STEWART & CHRISTOPHER DUFFER, | Tanya Walton Pratt, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Stephen Taylor sued police officers Brian Stewart and Christopher Duffer under 42 U.S.C. § 1983, claiming that they unlawfully seized him without articulable suspicion, falsely arrested him under a statute which they knew (or should have known) was unconstitutionally vague, and used excessive force in subduing him. The district court

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

granted summary judgment on all counts except excessive force, and Taylor appeals. For the reasons set forth below, we affirm the judgment.

The facts, in the light most favorable to Taylor, are as follows: Taylor sat alone at a picnic table in an Indiana public park on an August afternoon when Officer Stewart approached and asked Taylor his name. "Jason Riley," Taylor answered. Stewart asked Taylor for his date of birth. Taylor paused, then said he was born on July 3, 1971—but Taylor in fact was born on April 9, 1971. Stewart checked and learned that Indiana had no record of any Jason Riley born July 3, 1971.

Suspecting that "Jason Riley" was really a fugitive using a false name, Stewart required Taylor to submit to a pat-down, and removed scissors and razors from Taylor's pockets. Joined by fellow police officer Duffer, Stewart asked more questions about Taylor's identity. Taylor claimed that he did not know his social security number, that he was from Iowa, and that he had ridden to Indiana on his bicycle. Stewart then told Taylor that the park was closing soon, and ordered Taylor to leave once the officers returned to their car (which was parked beside the only exit).

As Taylor began to walk his bicycle toward the park's exit, Stewart consulted with Duffer. They suspected that Taylor was lying and decided to test his story by asking him for his parents' phone number in Iowa. When Taylor gave them a number with an Indiana area code, Stewart told Taylor that he knew he was lying and that he needed to start telling the truth. Taylor began to leave on his bicycle, but the officers tackled him and arrested him for false informing. IND. CODE § 35-44-2-2(d)(1). A search incident to arrest revealed a note offering to pay one hundred dollars if the recipient permitted Taylor to fellate him. Shortly thereafter, the officers discovered Taylor's true identity and two warrants for his arrest for child molestation.

Taylor moved to suppress the note before his state-court trial for child molestation (he was never prosecuted for false informing), arguing first that the officers unlawfully detained him when they asked for his parents' phone number, and second that they lacked probable cause for an arrest. Taylor conceded that his initial conversation was consensual, but argued that the officers seized him by asking him for his parents' phone number. The court denied the motion, concluding that a reasonable person would have felt free to leave when the officers addressed Taylor, and that his answer gave the officers probable cause to arrest him for false informing. A jury convicted Taylor of child molestation, the court sentenced him to fifty years' imprisonment, and an appellate court upheld his conviction and sentence. *See Taylor v. State*, 891 N.E.2d 155, 158, 160 (Ind. Ct. App. 2008).

Taylor then filed this lawsuit, seeking damages and alleging that Stewart and Duffer detained him without articulable suspicion, arrested him without probable cause, and used excessive force in tackling him. The officers moved for summary judgment, arguing that Taylor was collaterally estopped from arguing that his encounter with Stewart was nonconsensual or that Stewart and Duffer lacked probable cause, because Taylor had a full and fair opportunity to litigate that issue in his criminal trial. Taylor responded that he should not be collaterally estopped from arguing that the encounter was nonconsensual because his attorney conceded over his objection that the encounter was consensual. He also argued that the arrest was illegal because the officers knew or should have known that Indiana's false-informing statute was unconstitutionally vague.

While the district court considered the officers' summary judgment motion, Taylor filed a self-styled "Motion for Declaratory and Injunctive Relief and Jury Demand," seeking a declaration that Indiana's false-informing statute violated due process, an injunction enjoining enforcement of the statute, and damages from Stewart and Duffer for arresting him under a law that they should have known was unconstitutional.[1] The officers responded that the statute clearly spelled out the proscribed conduct of providing false information to a police officer who is investigating a possible crime.

Chief District Judge Richard Young granted summary judgment on the false-arrest claim, reasoning that Taylor had already litigated the issue in his criminal trial, but he denied summary judgment as to Taylor's excessive-force claim, finding a genuine dispute of fact as to whether Taylor was fleeing or following an order to leave the park. Judge Young also denied Taylor's motion for declaratory and injunctive relief because Taylor did not show "his entitlement to receive the relief sought," and because it was "inconsistent with the rulings already made" and premature. The officers filed an interlocutory appeal of the denial of summary judgment, which we dismissed for lack of jurisdiction because Judge Young based his decision on a dispute of fact and not on any conclusion of law. *See Taylor v. Stewart*, No. 09-1806, ECF No. 13 (7th Cir. Dec. 30, 2009). The case was subsequently reassigned to District Judge Tanya Walton Pratt. After a jury trial, Judge Pratt entered final judgment for the officers on Taylor's excessive-force claim.

On appeal Taylor first challenges the district court's grant of summary judgment for the officers on his claims of unlawful seizure and false arrest. He reiterates that his counsel's concession as to the voluntariness of his encounter with Stewart was made over his

---

[1] The district court appears to have construed the motion liberally as an attempt to both amend the complaint and request summary judgment.

objection, and therefore the district court erred in estopping him from raising it. The judgment at issue is that of an Indiana court and thus Indiana law governs its preclusive

effect. *In re Catt*, 368 F.3d 789, 790–91 (7th Cir. 2004). Indiana applies the doctrine of collateral estoppel when a party to prior litigation attempts to relitigate an issue actually and necessarily decided against the same party by a court of competent jurisdiction. *See Perez-Grahovac v. State*, 894 N.E.2d 578, 584–86 (Ind. Ct. App. 2008); *see also Holtz v. J.J.B. Hilliard W.L. Lyons, Inc.*, 185 F.3d 732, 739 (7th Cir. 1999). In his pretrial suppression motion, Taylor actually litigated—and conceded—the voluntariness of his initial encounter with Stewart, and he litigated and lost on the question of probable cause; the Indiana appellate court upheld his conviction on appeal. *See Taylor*, 891 N.E.2d at 159–60. In fact, Taylor has litigated this issue twice over: he raised the same issue in a post-conviction petition in state court, and during the pendency of this appeal the Indiana Court of Appeals upheld the denial of Taylor's petition. *See Taylor v. State*, 2011 WL 3241426 (Ind. Ct. App. Oct. 6, 2011) (unpublished disposition).

Taylor next challenges the denial of his "Motion for Declaratory and Injunctive Relief and Jury Demand," which despite its title also requested damages. He renews the argument made in his motion that Indiana's false informing statute is unconstitutionally overbroad, and thus his arrest under the statute was illegal. Stewart and Duffer argue for the first time on appeal that Taylor lacks standing to bring this claim: they point out that Taylor is serving a 50-year prison sentence and faces no immediate threat of arrest or prosecution under the statute, and that his arrest alone does not confer standing to challenge the statute's constitutionality. Standing is a jurisdictional matter, *see Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011), and we must address it before reaching the merits. Injunctive relief requires future injury whereas damages require past injury; Taylor requests both, so we analyze his standing for each form of relief separately.

Taylor lacks standing to seek injunctive relief because he cannot show "a reasonable probability" of imminent, tangible harm. *Hoover v. Wagner*, 47 F.3d 845, 847 (7th Cir. 1995); *see also Pennell v. City of San Jose*, 485 U.S. 1, 8 (1988). For any future harm to occur, Taylor would have to be released, lie to an Indiana police officer who is investigating a possible crime, and the officer must detect Taylor's lie and arrest him for it. But Taylor concedes that even with good-time credits, his release will only occur, if it occurs, in approximately 20 years (unless, of course, he earlier succeeds in a collateral attack or the governor commutes his sentence or pardons him). The probability of harm is too remote to support standing for an injunction. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102-06 (1983) (standing for an injunction requires a threat both "real and immediate"); *Sierakowski v. Ryan*, 223 F.3d 440, 443–44 (7th Cir. 2000).

Taylor does have standing to bring his claim for damages or a declaratory judgment. He urges that the officers violated his rights by enforcing the statute, which he asserts that they knew or should have known was unconstitutional. *See Ryan v. Cnty of DuPage*, 45 F.3d 1090, 1094 (7th Cir. 1995). Taylor meets all requirements of standing to bring this claim: his arrest constitutes an injury-in-fact traceable to the actions of Stewart and Duffer, and damages and a declaratory judgment would vindicate his rights. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Payton v. Cnty. of Kane*, 308 F.3d 673, 676–77 (7th Cir. 2002); *see also* 28 U.S.C. § 2201.

Stewart and Duffer did not contest the merits of Taylor's argument, but their forfeiture does not require reversal because Taylor's argument is so frivolous that it collapses under its own weight. *See Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001); 7TH CIR. R. 31(d). Taylor argues that Indiana's false informing statute is unconstitutionally vague because it criminalizes lies told to police during investigations into possible crimes, even if no crimes were actually committed. IND. CODE § 35-44-2-2(d)(1); *see Taylor*, 891 N.E.2d at 160; *Clancy v. State*, 829 N.E.2d 203, 211 (Ind. Ct. App. 2005). But this standard is not so indefinite as to provide police officers with uncabined discretion, and thus does not offend due process. *See Kolender v. Lawson*, 461 U.S. 352, 358 (1983); *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 785 (7th Cir. 2011).

Moreover, to the extent that Taylor even had—as he asserts—a right to his anonymity, that would not entitle him to lie to the police. As the Supreme Court noted in upholding a similar statute, 18 U.S.C. § 1001(a), which forbids lying to a federal agency (including law enforcement): "Our legal system provides methods for challenging the Government's right to ask questions—lying is not one of them. A citizen may decline to answer the question, or answer it honestly, but he cannot with impunity knowingly and willfully answer with a falsehood." *Bryson v. United States*, 396 U.S. 64, 72 (1969).

AFFIRMED.